**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GERALD HENDERSON,** | : | |
| **Plaintiff** | : | **No. 4:97-cv-00250** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **JOSEPH F. MAZURKIEWICZ, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the court is a Motion for Preliminary Injunction filed by Plaintiff Gerald

Henderson, a former inmate at the State Correctional Institution, Rockview ("SCI-Rockview") in

Bellefonte, Pennsylvania. (Doc. No. 148.)  In his motion, Plaintiff contends that he was recently

denied parole in retaliation for the instant civil rights lawsuit. (Id.)  Plaintiff seeks to have the

Pennsylvania Board of Probation and Parole ("parole board") ordered to release him on parole.

For the reasons set forth below, the motion will be denied.

I.    **Background**

Plaintiff originally brought this action on February 19, 1997, alleging, inter alia,[1] that

two corrections officers at SCI-Rockview violated his civil rights by dropping a piece of

concrete on his head from an upper level of the prison while Plaintiff was using the telephone.

(Doc. No. 1; see also Doc. No. 146.)  A jury ultimately found in favor of Plaintiff and awarded

him punitive and compensatory damages. (Doc. No. 99.)  The judgment was later upheld on

appeal. (Doc. No. 146.)

Plaintiff claims that he was later released on parole in 2002, but was reimprisoned in

2004 for violating the terms of his release. (Doc. No. 147 at 2.)  He claims he was again released

---

[1] Plaintiff also brought several claims of negligence against other employees of SCI-Rockview that were dismissed before trial. (See Doc. No. 146.)

in 2006, but was then indicted on federal charges relating to drug trafficking in 2008.  (Id. at

2–3.)  Plaintiff claims that he cooperated with the federal prosecutor and was promised in return

that he would not be sent back to state prison, because of the possibility that he would be

retaliated against due to his earlier lawsuit against the corrections officers.  (Id.)  Unfortunately,

Plaintiff was nonetheless sent back into state custody after he was sentenced in January 2013.

(Id. at 3–4.)

In August 2014, the parole board  held a hearing at which it determined that Plaintiff

would be denied parole.  (Id. at 5.; Doc. No. 147-1 at 7.)  The board stated that it denied him

parole for various reasons, including his "institutional behavior," "reported misconducts," "risks

and needs assessment," "prior unsatisfactory parole supervision history," "failure to demonstrate

motivation for success," and "lack of remorse for the offense(s) committed."  (Doc. No. 147-1 at

7.)  However, Plaintiff states that the only "reported misconduct" that he recalls receiving was

one that was issued after the incident in which two corrections officers dropped a piece of

concrete on his head.  (Doc. No. 148 at 2.)  Plaintiff was later told that one of the parole board

members worked at SCI-Rockview and was familiar with his case there, and that Plaintiff was

denied parole primarily in retaliation for his lawsuit.  (Doc. No. 147 at 5–6.)  Plaintiff now seeks

to move this court to issue an injunction against members of the parole board to grant Plaintiff

parole.  (Doc. No. 148.)

## II.    <u>Legal Standard</u>

"An injunctive order is an extraordinary writ, enforceable by the judicial power of

contempt . . . [which] may be granted to afford preventive, protective, or restorative relief."

Joseph T. McLaughlin & Anthony J. Scirica, 13-65 *Moore's Federal Practice - Civil*, § 65.02

(2015).  Injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances."  Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co., 290 F.3d 578, 586 (3d Cir. 2002) (quoting Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797 (3d Cir. 1989)).  The decision whether to grant preliminary injunctive relief is left to the discretion of the district court, but should be based on the following factors:

> (1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and 4) the public interest.

Id.  Importantly, the only persons who may be bound by an injunctive order are: (1) the parties to a case; (2) the "parties' officers, agents, servants, employees, and attorneys;" and (3) "other persons who are in active consort or participation" with the parties or their agents.  Fed. R. Civ. P. 65(d)(2).

## III.   **Discussion**

Plaintiff's motion is fatally flawed for several related reasons.  First, the persons he seeks to have this court enjoin (the parole board and the members who presided over his hearing) are not now and were never parties to this case.  (See Doc. No. 148.)  Nor can these persons reasonably be considered to be the agents of any parties to this case or to otherwise be "actively consorting" with any parties in the manner envisioned within Rule 65.  See Fed. R. Civ. P. 65(d)(2).  As such, they simply cannot be the object of a preliminary injunction within this case.

Furthermore, a preliminary injunction is designed to preserve the status quo during the interim period before a trial on the merits of a complaint.  See Ortho Pharmaceutical Corp. v.

Amgen, Inc., 882 F.2d 806, 813–14 (3d. Cir. 1989).  Because this case has been closed for over a decade, there is no status quo to preserve while awaiting trial.  (See Doc. No. 146.)  Thus it is clear that a preliminary injunction is not the appropriate avenue for relief for Plaintiff's alleged injuries.[2]

The proper avenue for relief for Plaintiff would be to challenge the decision of the parole board through a petition for writ of habeas corpus.  See, e.g., Williams v. Consovoy, 4534 F.3d 173, 177 (3d Cir. 2006) (holding that prisoner's sole federal remedy for the unlawful denial of parole was a writ of habeas corpus).  Because "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence," the decision of a State parole board may only be overturned by habeas review in very limited circumstances.  Swarthout v. Cooke, 562 U.S. 216, 220 (2011).  First, a parole board's decision may be overturned if the board did not provide the inmate with certain fundamental procedural safeguards, such as an opportunity to be heard and a statement of reasons why parole was denied.  Id.  Second, the decision may be overturned where it is based on matters that are constitutionally impermissible or is otherwise arbitrary and capricious.  See Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010).

Because it appears that the filing deadline may have lapsed for Plaintiff to file a new petition for writ of habeas corpus, this court will  have Plaintiff's motion docketed as a petition for writ of habeas corpus so as to preserve Plaintiff's filing date.  Plaintiff will be given thirty

---

[2] The relief Plaintiff seeks is in some ways closer to a request to enforce a judgment under Rule 70, which allows a court to order another person to carry out the terms of a judgment when a party refuses to do so.  Fed. R. Civ. P. 70(a).  However, this rule requires that the judgment include some "specific act" that the party must carry out.  Id. This court's judgment did not include a requirement that the Defendants must not allow the misconduct report to be used as a basis for revoking Plaintiff's parole.  Indeed, Defendants lacked the capability to carry out such an order.

days to pay the filing fee for a habeas petition or to file a motion for leave to proceed <u>in forma</u> <u>pauperis</u>.  Plaintiff will also be granted thirty days within which to file an amended petition, if he so desires.  Plaintiff is advised that a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  Rule 2, Rules Governing § 2254 Cases.  If Plaintiff does not wish to proceed with his claim as a new habeas action, he may decline to pay the filing fee and his petition will be dismissed at the end of the thirty day period.

An appropriate order will follow.